UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLLECTARIUS FINANCIAL, LLC,

      Plaintiff,

v.                                             Case No. 8:18-cv-137-T-24 AEP

STATEBRIDGE COMPANY, LLC,

      Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's motion for reconsideration (Doc. No. 29) of Judge Chappell's order (Doc. No. 24) transferring this case to the Tampa Division. Upon consideration, Plaintiff's motion is denied.

## **I. Background**

Plaintiff Collectarius Financial, LLC alleges the following in its complaint (Doc. No. 2): Defendant Statebridge Company, LLC is indebted to the Law Offices of Damian G. Waldman P.A. for legal services ("the Waldman debt"). Plaintiff now owns the Waldman debt due to an assignment. As a result, Defendant owes Plaintiff $429,547.75 due to the Waldman debt.

Plaintiff filed suit against Defendant in state court in Lee County, Florida. In its complaint, Plaintiff asserts three claims: (1) open account, (2) unjust enrichment, and (3) account stated. Defendant removed the case to the Fort Myers Division of this Court.

After removal, the district court questioned whether diversity jurisdiction existed, because it did not have sufficient information to determine the citizenship of the limited liability

company parties.[1]  (Doc. No. 4).  Almost two weeks later, on December 26, 2017, Defendant filed a motion to transfer this case to the Tampa Division.  (Doc. No. 10).

In its motion to transfer, Defendant argued that the case had no nexus to the Fort Myers Division beyond the fact that Plaintiff was located there.  Defendant pointed out that the Waldman debt at issue originated from legal services provided from the law firm's Pinellas County office, which is located within the Tampa Division of the Middle District of Florida.  Defendant argued that the Waldman law firm would have the witnesses and documents that would be essential to the case and that the Waldman law firm is located more than 100 miles away from the Fort Myers' courthouse, making it difficult to demand attendance at trial.

Plaintiff's response to the motion to transfer was due on January 9, 2018.  Plaintiff failed to respond to the motion.  On January 12, 2018, Judge Chappell granted Defendant's motion to transfer the case to the Tampa Division.  (Doc. No. 24).  The case was transferred to the Tampa Division, and the Fort Myers case was closed on January 17, 2018 at 11:28 a.m.  Almost four hours later, Plaintiff filed a motion for reconsideration in the Fort Myers Division, which Judge Chappell denied as moot, since the case had already been transferred.[2]  On January 19, 2018, Plaintiff re-filed the motion for reconsideration with this Court in the Tampa Division.

**II.  Standard of Review**

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to

---

[1]While Defendant has provided some evidence regarding diversity jurisdiction, this Court has requested additional information.

[2]Case number 2:17-cv-687-SPC-CM, Doc. Nos. 25, 26.

prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted).

### III. Motion for Reconsideration

In its motion for reconsideration, Plaintiff states that it did not respond to the motion to transfer, because it was waiting on the Fort Myers Court's decision as to whether diversity jurisdiction existed. Plaintiff states that it feared that if it had responded to the motion, such could be construed as seeking "affirmative relief from the Court, which would automatically avail the Plaintiff in the jurisdiction of this Court." (Doc. No. 29, p. 2). It appears to this Court that Plaintiff does not understand the difference between diversity subject matter jurisdiction (which cannot be created by seeking relief from a court, nor can it be created by the agreement of the parties) and personal jurisdiction (which currently exists over the parties regardless of Plaintiff's participation in this case).

Even accepting Plaintiff's reason for failing to respond to the motion, Plaintiff does not explain why the motion to transfer should not have been granted. Instead, Plaintiff argues that venue was proper in the Fort Myers Division. While that may be true, Plaintiff does not address whether the case was properly transferred based on Local Rule 1.02 (allowing transfer to the division with the greatest nexus to the case) and 28 U.S.C. § 1404(a) (allowing transfer for the convenience of the parties and witnesses). Plaintiff simply states that Plaintiff's principal office is in Fort Myers and all of its witnesses are located in Fort Myers. Plaintiff fails to address that non-party witness the Law Offices of Damian G. Waldman P.A. is located in the Tampa Division, that relevant documents are located in the Tampa Division, and that the operative facts

giving rise to the Waldman debt arose in the Tampa Division. Accordingly, the Court concludes that Plaintiff has failed to show that reconsideration is warranted.

**IV. Pending Motion to Dismiss**

Defendant filed a motion to dismiss on December 19, 2017 (Doc. No. 6), and Plaintiff has failed to respond to that motion. The Court issued an order directing Plaintiff to show cause by January 25, 2018 as to why the Court should not consider the motion without its response. (Doc. No. 27). In response, Plaintiff requests that the Court extend the deadline for responding to the motion to dismiss until the Court determines whether diversity jurisdiction exists. (Doc. No. 30). Upon consideration, the Court declines to extend the deadline for responding to the motion to dismiss, because if the Court lacks subject matter jurisdiction and remands the case, the motion to dismiss will still need to be responded to by Plaintiff. Accordingly, Plaintiff is directed to file a response to the motion to dismiss by January 25, 2018 or the Court will consider the motion to be unopposed and will dismiss the case without further notice for lack of prosecution.

**V. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's motion for reconsideration (Doc. No. 29) is **DENIED**.

(2) Plaintiff is directed to file a response to the motion to dismiss by January 25, 2018.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of January, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record