UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLLECTARIUS FINANCIAL, LLC,

    Plaintiff,

v.    Case No. 8:18-cv-137-T-24 AEP

STATEBRIDGE COMPANY, LLC,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Rehearing. (Doc. No. 37). Defendant opposes the motion. (Doc. No. 38). As explained below, the motion is denied.

**I. Background**

Defendant Statebridge Company, LLC provides mortgage loan services for lenders and other mortgage holders. As part of its services, Defendant retains counsel to pursue foreclosures.

Beginning in 2014, Defendant retained the Law Offices of Damian G. Waldman P.A. ("Waldman Law") to provide legal services for Defendant related to the foreclosure lawsuits. (Doc. No. 7, ¶ 3). Plaintiff Collectarius Financial, LLC contends that Defendant was indebted to Waldman Law in the amount of $429,547.75 ("the Waldman Debt"). Waldman Law assigned the Waldman Debt to Plaintiff, and Plaintiff filed the instant lawsuit to collect the Waldman Debt. (Doc. No. 2).

Defendant moved to dismiss the complaint, arguing that Plaintiff did not have standing to file suit to collect the debt. (Doc. No. 6). Defendant argued that because an assignment from a law firm to a collections agency to collect a debt through litigation against a former client

violates certain ethical rules of the Florida Bar,[1] the assignment (which is Plaintiff's basis for standing) is void because it is against public policy.

Plaintiff responded by citing to Ethics Opinion 95-3 (May 30, 1997), which provides that "[a] law firm may assign delinquent accounts receivable to a corporation wholly owned by the firm[,] and an attorney of the firm may represent the corporation in a lawsuit against the client to collect the delinquent funds." The Committee found such a situation to be ethically allowable when the assignee corporation is wholly owned by the law firm's partners. The Committee stated that it saw "little meaningful distinction between an attorney directly suing a former client for fees . . . and representing the wholly-owned assignee corporation in bringing suit against the delinquent former client."

This Court rejected Plaintiff's argument, stating:

> There is a flaw in Plaintiff's reliance on Ethics Opinion 95-3. Specifically, the opinion itself provides the following: "[W]e explicitly limit this opinion to the facts and circumstances presented. This opinion does not reach the question[] of whether a law firm may assign delinquent accounts receivable to a collections corporation that is not wholly owned by the firm's members . . . ." There is no evidence before the Court that Plaintiff is wholly owned by Waldman Law.

(Doc. No. 36, p. 7)(citations omitted). As a result, the Court granted Defendant's motion to dismiss based on lack of standing. (Doc. No. 36). The instant motion for rehearing followed.

## II. Standard of Review

Plaintiff states that it is bring this motion under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides that a court may relieve a party from a final judgment or order for the

---

[1]The ethical rules are found in the Rules Regulating the Florida Bar, specifically Chapter 4: Rules of Professional Conduct.

2

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### III. Motion for Rehearing

In the instant motion, Plaintiff argues that rehearing is warranted because Plaintiff's members are two attorneys—James L. Goetz and Gregory W. Goetz—who have been "Of Counsel" on behalf of Waldman Law since October 2, 2015.[2] Therefore, Plaintiff argues that Ethics Opinion 95-3 controls, making the assignment in this case permissible.

Plaintiff does not state which part of Rule 60(b) it is proceeding under. Defendant surmises that Plaintiff is proceeding under Rule 60(b)(2)—newly discovered evidence— and argues that Rule 60(b)(2) provides Plaintiff with no relief. The Court agrees that Rule 60(b)(2) does not provide Plaintiff with any relief, because the "Of Counsel" relationship of the Goetzes is not newly discovered evidence. In fact, Plaintiff acknowledges in its motion that it specifically withheld this information, because it believed (and still believes) that it was not

---

[2] Plaintiff filed the Of Counsel Agreement with the motion. (Doc. No. 37, Ex. A).

required to disclose such information in connection with a Rule 12(b) motion.

However, Defendant made a factual attack on the Court's subject matter jurisdiction in its motion to dismiss, and as such, the "district court can 'consider extrinsic evidence such as deposition testimony and affidavits.' In so doing, a district court is 'free to weigh the facts' and is 'not constrained to view them in the light most favorable' to the plaintiff." Araya-Solorzano v. Government of Republic of Nicaragua, 562 Fed. Appx. 901, 905 n.4 (11th Cir. 2014)(internal citations omitted). Plaintiff's failure to understand how to respond to a factual attack on the Court's subject matter jurisdiction is not a basis for rehearing.

As such, Plaintiff must be seeking relief under Rule 60(b)(1)—which applies to mistake, inadvertence, surprise, or excusable neglect—or 60(b)(6)—which applies to any other reason that justifies relief. Neither basis provides relief, because even if Plaintiff had informed the Court of the "Of Counsel" relationship, the result would still be the same.

Ethics Opinion 95-3 evaluated the following inquiry:

> First, the inquiring attorney states that the law firm is a general partnership and states that, under Florida law, general partnerships may not sue or be sued in the name of the partnership; rather, each partner must be named individually. The inquirer's firm asserts that assigning delinquent receivables to the firm's wholly-owned collections corporation, which would then conduct any necessary litigation, would eliminate the need for the firm's partners to individually be named in collection lawsuits.

> Additionally, it has been argued that assigning receivables to a firm-owned collection corporation, rather than to an independent collection agency, would help preserve confidentiality because (at least prior to the filing of suit) no confidential client information would be disclosed to 'outside' parties. A related argument in support of the proposal is that the chances of reaching a negotiated settlement with the delinquent former client are enhanced because law firm personnel will be directly involved throughout the process.

> Another acknowledged reason underlying the firm's advancement of the proposal is that, by bringing fee-collection suits in the name of the wholly-owned collection corporation rather than the law firm, public scrutiny of the law firm's actions will be minimized or avoided.

(Ethics Opinion 95-3). The Committee approved of specific arrangement, stating:

> [W]e are of the opinion that it is permissible for the inquiring attorney and his firm to participate in the specific arrangement proposed . . . . In this specific situation, we see little meaningful distinction between an attorney directly suing a former client for fees (action clearly authorized by prior opinions) and representing the wholly-owned assignee corporation in bringing suit against the delinquent former client. . . . [W]e explicitly limit this opinion to the facts and circumstances presented. This opinion does not reach the question[] of whether a law firm may assign delinquent accounts receivable to a collections corporation that is not wholly owned by the firm's members . . . .

(Ethics Opinion 95-3).

The Committee approved of the specific arrangement described therein—a law firm that assigned its receivables to a firm-owned collections corporation. The Committee specifically stated that it did not reach the question of whether a law firm may assign delinquent accounts receivable to a collections corporation that is not wholly owned by the firm's members. In the instant case, the Goetzes are "Of Counsel" to Waldman Law, which is different from being members of Waldman Law. Plaintiff has not cited to any case law or other authority to support its contention that this arrangement should be considered the same as a collections corporation that is wholly owned by a law firm's members/partners/shareholders.

Furthermore, the specific arrangement that occurred in the instant case may cause concerns for the Committee. Specifically, there could be a concern with debt collection companies affiliating with law firms for the sole purpose of purchasing receivables. Any debt

collection company owned by attorneys could affiliate as independent contractors or "of counsel" with any number of law firms with no real intention of performing any legal services. This would undermine the rationale and intent of Florida's ethics opinions and rules of professional conduct.

Finally, there are still confidentiality concerns. The Of Counsel Agreement provides that the Goetzes are retained by Waldman Law as Of Counsel attorneys pertaining to cases in Lee, Collier, and Charlotte counties.[3] Defendant states that some of its cases for which it retained Waldman Law were outside of those counties.[4] To the extent that Plaintiff attempts to collect the Waldman Debt generated by cases from outside of Lee, Collier, and Charlotte counties, Plaintiff would not have had access to Defendant's confidential information (even given the Of Counsel Agreement), so allowing Plaintiff to sue to collect such debt would create confidentiality concerns. Specifically, Defendant intends to challenge the reasonableness of the Waldman Debt, which means that confidential information regarding Waldman Law's representation of Defendant will likely be revealed. Therefore, it appears to this Court that Waldman Law's assignment of the Waldman Debt to Plaintiff to pursue collection through litigation will still impinge on Defendant's expectation of confidentiality from the attorney-client relationship it had with Waldman Law. Based on the above, the Court's conclusion in its prior order remains:

> Waldman Law's assignment of the Waldman Debt to Plaintiff (to which Defendant has not consented) will lead to a violation of Rule 4-1.6(a) of the Rules of Professional Conduct, which prohibits Waldman Law from revealing information relating to its

---

[3]Defendant did not know of the Of Counsel Agreement or that there may have been some affiliation for Defendant's cases in Lee, Collier, and Charlotte counties.

[4]It appears that Defendant also had cases in Lee, Collier, and Charlotte counties.

> representation of Defendant without Defendant's consent (unless certain exceptions are met, none of which are applicable in this case). In order for Defendant to challenge the reasonableness of the Waldman Debt, confidential information relating to Waldman Law's representation of Defendant would have to be disclosed to Plaintiff. The importance of confidentiality between a lawyer and client cannot be overstated, and this Court will not condone such a breach of confidentiality.

(Doc. No. 36, p. 12).

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Rehearing (Doc. No. 37) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of March, 2018.

Copies to:
Counsel of Record

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge